UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MARY ANN TIGERT | CIVIL ACTION NO. 09-958 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| AMERICAN AIRLINES, INC. and DAL GLOBAL SERVICES, LLC | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court are two Motions to Dismiss [Record Documents 5 and 17], filed on behalf of Defendants, American Airlines Inc. and DAL Global Services, LLC. Defendants assert Plaintiff's claims are prescribed under Louisiana law and seek dismissal of Plaintiff's suit in its entirety. Plaintiff opposes these motions. [Record Documents 20 and 22]. For the reasons stated herein, Defendants' motions are **GRANTED.**

## FACTUAL BACKGROUND

On or about July 11, 2007, following a visit with her son, Plaintiff Mary Ann Tigert was making a return flight to Shreveport, Louisiana from Oakland, California on American Airlines. [Record Document 1, ¶ 4]. Because of her disability, American provided Tigert with wheelchair assistance to help her maneuver around the airport. Id. at ¶ 5. According to Tigert, an individual named "Bonita" pushed her to the security check point in the Oakland Airport where a C-Pap machine carried by Tigert required further study by security personnel. Id. at ¶ 6-7. After the C-Pap machine was located to a table several feet away from a chair where Tigert was sitting, Bonita instructed Tigert to walk to the table where security had placed the machine. Id. at 8. While Tigert was standing at the table, Bonita collected Tigert's carry-on bag and placed it on the floor behind Tigert. Id. at ¶ 9. When

security personnel informed Tigert she could return to her seat, Tigert turned and tripped over the carry-on bag, causing her to fall and injure her right knee. Id. at ¶ 9-10.

Upon her arrival in Shreveport, Louisiana, Tigert's knee injury had manifested to a degree requiring medical attention. Id. at ¶ 11. In August 2007, Tigert received injections in her right knee and, later that month, underwent arthroscopic surgery due to the injuries she sustained. Id. at ¶ 15.

On June 11, 2009, Tigert filed suit in the Western District of Louisiana against American Airlines, Inc. and DAL Global Services, L.L.C. seeking damages. She claims Defendants were negligent in "failing to protect her by properly controlling, guarding, watching, and protecting her safety during the transportation of her through airport facilities." Id. at 14.

## LAW AND ANALYSIS

**1.    Rule 12(b)(6) Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." A complaint attacked by a Rule 12(b)(6) motion does not need to contain detailed factual allegations; rather, the plaintiff's obligation is "to provide the grounds of his entitlement to relief." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). In order to avoid dismissal, the plaintiff's factual allegations simply "must be enough to raise a right to relief above the speculative level." Id. at 1965. Because dismissal of actions under Rule 12(b)(6) is a "disfavored means of disposing of a case," Kennedy v. Tangipahoa Parish Library Bd. of Control, 224 F.3d 359, 365 (5th Cir. 2000), the Court should only grant such a motion if "it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 365 (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). The Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. Id.

**B.      Louisiana Liberative Prescription Law**

Defendants seek dismissal of Tigert's claims in their entirety because, under Louisiana law, delictual actions must be brought within one year from the date of injury or damage. See La. C.C. art. 3492. Here, Tigert filed suit nearly two years after the date of her injury, long after the liberative prescription period expired. Tigert asserts, however, that California prescriptive law applies to her cause of action and that her suit is timely under California's two-year prescriptive period.

As a general rule, Louisiana law of prescription should be applied to all civil suits brought in Louisiana courts, regardless of which state's law applies to the underlying substance of the suit. Henry v. Duane Morris, LLP, 210 Fed.Appx. 356, 358 (5th Cir. 2006) (citing La. C.C. art. 3549). If a suit is prescribed under Louisiana law but not under the laws of the state whose law applies to the substantive conflict, the action may nevertheless be maintained in this state if "warranted by compelling considerations of remedial justice."[1]

---

[1]Louisiana Civil Code article 3549 provides, in pertinent part:

> B.   When the substantive law of another state would be applicable to the merits of an action brought in this state, the prescription and peremption law of this state applies, except as specified below:
>
> > (1) If the action is barred under the law of this state, the action shall be dismissed unless it would not be barred in the state whose law would be applicable to the merits and maintenance of the action in this state is warranted

Consequently, it is not necessary to first determine whether Louisiana or California substantive law applies to this cause of action. Rather, "it must be determined if the suit can be maintained at all in light of Louisiana's statute-of-limitations-like rules." Id.

California law provides a two-year prescriptive period for "actions for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another." West's Ann.Cal.C.C.P. § 335.1. Thus, in determining whether Tigert may maintain this action in this state, the Court need only consider whether "compelling considerations of remedial justice" warrant it. See La. C.C. art. 3549.

Louisiana courts interpret the "compelling considerations of remedial justice" exception very narrowly, giving it effect only where "the most extraordinary of circumstances are present." Brown v. Slenker, 220 F.3d 411, 420 (5th Cir. 2000) (quoting Landry v. Ford Motor Co., 1996 WL 661052, *3 (E.D.La. Nov. 12, 1996). As the 1991 Revision Comments to Article 3549 explain:

> The second necessary prerequisite to the application of this exception is that "maintenance of the action in this state is warranted by compelling considerations of remedial justice." This language is borrowed from the 1987 Revision of § 142 of the Restatement, Second, of Conflict of Laws. The examples given by the Restatement are pertinent to the application of this provision and illustrate its exceptional character. These examples refer to cases where "through no fault of the plaintiff an alternative forum is not available as, for example, where jurisdiction could not be obtained over the defendant in any other state other than the forum or where for some reason a judgment obtained in the other state having jurisdiction would be unenforceable in other states . . . also situations where suit in the alternative forum, although not impossible would be extremely inconvenient for the parties." Restatement (Second)

---

by compelling considerations of remedial justice. . . .

>of Conflict of Laws, 1986 Revisions, § 142 comment f (Supp. March 31, 1987). . . .

La. C.C. art. 3549, cmt. (f). Louisiana district courts have consistently rejected claims of "compelling considerations" where plaintiffs attempt to litigate in Louisiana by choice, rather than by necessity.[2] See Brown, 220 F.3d at 420 (citing Seagrave v. Delta Airlines, Inc., 848 F.Supp.82, 83-84 (E.D.La. 1994) (the cost and inconvenience of having to file suit in Virginia after plaintiff moved to Louisiana does not constitute compelling considerations of remedial justice under article 3549); Skyrme v. Diamond Offshore (U.S.A.), Inc., 1994 WL 320928, *2-3, (E.D.La. June 30, 1994) (finding no compelling considerations to maintain a suit by a Brazilian citizen attempting "to litigate in a Louisiana forum [as] a matter of choice, not necessity"); Landry, 1996 WL 661052 at *2 (finding no compelling considerations where plaintiffs failed to show that they could not have easily filed suit elsewhere); Amaro v. Marriott Residence Inn, 1995 WL 91132 (E.D.La. March 1, 1995) (same)).

In Smith v. Florida Gulf Airlines, Inc., 1996 WL 156859 (E.D.La. April 2, 1996), the Eastern District of Louisiana granted a defendant's Rule 12(b)(6) motion to dismiss on grounds of prescription under similar factual circumstances. In that case, the plaintiff, a Louisiana resident, was injured as she exited a plane in Panama City, Florida. Nearly three years after the incident, the plaintiff filed a lawsuit in Louisiana alleging her injuries were caused by the negligence of the defendant. Id. at *1. In an attempt to avoid the one-

---

[2]The Court is aware of only one case since Article 3549's 1991 revision where a court found "compelling considerations of remedial justice." See Smith v. ODECO (UK), Inc., 615 So.2d 407 (La.App. 4 Cir. 1993) (finding that Louisiana was the only forum where the suit could be maintained against all the defendants).

year prescriptive period under Louisiana law, the plaintiff sought to have the "compelling considerations of remedial justice" exception applied by pointing to the "inconvenience of litigation in Florida," her limited financial resources to prosecute the case in Florida and that all of her treating physicians are located in Louisiana. Id. at *3. The Court held, however, that while the "filing of suit in Florida would be more inconvenient for the plaintiff, this inconvenience would not be 'extreme.'" Finding no "compelling considerations of remedial justice" that would be served by maintenance of the action, the Court therefore dismissed the plaintiff's claims. Id.; see also, Williams v. Sunset Beach Resort & Spa, 2003 WL 23095589 (E.D.La. Dec. 22, 2003) (finding that the plaintiff's claims of inconvenience in pursuing a lawsuit in Jamaica, inability to afford an attorney to litigate her claims in Jamaica, and the unavailability of a jury trial in Jamaica do not rise to the level of "compelling considerations of remedial justice" required by Article 3549).

Similarly, Tigert's claim of "inconvenience" in filing a lawsuit in California is not sufficient to warrant maintenance of this action in this state. California provides the locus of the alleged injury-causing conduct and the place of injury—facts relied upon by Tigert in arguing for application of California's substantive law. Thus, while Tigert and her treating physicians reside in Louisiana, other witnesses, including "Bonita" and any eyewitnesses to the accident, likely reside in California or in another state equally inconvenient to either California or Florida.[3] Accordingly, the Court finds there are no "compelling considerations

---

[3]In addition, the Court also notes that Tigert's son lives in close proximity to the Oakland, California airport. Consequently, if Tigert filed suit in California, she has potential lodging and transportation available, a convenience absent in most other cases.

of remedial justice" that would be served by maintenance of this action in this State.[4]

Furthermore, Tigert's reliance on Seagrave v. Delta Airlines, Inc., 848 F.Supp.82, 83-84 (E.D.La. 1994) as a last effort to salvage her claim is misplaced. In Seagrave, although the Court found no "compelling considerations of remedial justice" to warrant maintenance of the suit in this state, the Court transferred the suit to a district court in Virginia pursuant to 28 U.S.C. § 1404(a).[5] However, Seagrave is not binding on this Court and does not appear to have considered the effect of Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1946) and Ferens v. John Deere Co., 494 U.S. 516, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990). Under Van Dusen and Ferens, a transferee court is required to "apply the law of the transferor court, regardless of who initiates the transfer. A transfer under § 1404(a), in other words, does not change the law applicable to a diversity case." Ferens, 494 U.S. at 523, 110 S.Ct. at 1280; see also, Piper Aircraft Co. v. Reno, 454 U.S. 235, 244 n.8, 102 S.Ct. 252, (1981) (recognizing that although a transferee court ordinarily applies the choice-of-law rules of the State in which it sits, where a case is transferred pursuant to 28 U.S.C. § 1404(a), it must apply the choice-of-law rules of the State from which the case was transferred). Thus, a transfer would merely

---

[4]The Court notes that this decision does not necessarily bar Tigert from all relief. Because Tigert filed this lawsuit approximately one month before her claim prescribed under California law, California's "equitable tolling doctrine" *may* apply and allow Tigert to proceed with her lawsuit in California. See Jones v. Blanas, 393 F.3d 918, 928 (9th Cir. 2004) ("Equitable tolling under California law 'operates independently of the literal wording of the Code of Civil Procedure' to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness.") (internal citation omitted).

[5]28 U.S.C. § 1404(a) provides for the transfer of a civil action from one district "to any other district or division where it might have been brought" when necessary "for the convenience of parties and witnesses, in the interest of justice."

inconvenience the parties, as the same issues would need to be presented to the transferee court.

## CONCLUSION

Accordingly, having reviewed the memorandums submitted by the parties and finding no "compelling considerations of remedial justice," Defendants' Motions to Dismiss shall be **GRANTED** and Plaintiff's claims **DISMISSED WITH PREJUDICE.**

A judgment consistent with this Memorandum Ruling will issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 28th day of December, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE